## STATE v. T. L. HARRIS.

*Indictment for Assault with Deadly Weapon—Self-Defense
—Trial—Instructions.*

1. The question whether a defendant, indicted for assault with a deadly weapon, has reason to believe that the person attacked intended to assault him, is a question for the consideration of the jury, and not for the defendant or the trial judge, who should submit the case with appropriate instructions.

2. Where defendant and prosecutor, unfriendly for some time, had words after which the defendant testified the prosecutor followed him, with his hand at his hip pocket as he went to his cart; and that, fearing the prosecutor, and fearful of assault, he then shot him. *Held*, that the court erred in charging the jury that if they believed the evidence, in any aspect, the defendant was guilty.

INDICTMENT for assault with deadly weapon, tried before *Norwood, J.*, and a jury, at Spring Term, 1896, of STOKES Superior Court. The defendant was convicted and appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Attorney General*, and *Mr. Perrin Busbee*, for State.
*Messrs. Jones & Patterson*, for defendant (appellant).

FAIRCLOTH, C. J.: The defendant stands indicted for an assault with a deadly weapon upon P. B. Kirby. The defendant and Kirby had been unfriendly for a year or more. After some words, the defendant walked away to his cart and Kirby followed, and was advancing, twenty or thirty yards off, towards the defendant with his hand on his hip pocket when the defendant shot him. This is defendant's testimony, which is in some respects denied by Kirby, the prosecutor and other eye-witnesses. The defendant also

said he was afraid of the prosecutor and thought he was going to attack him, when he shot.

His Honor charged the jury that if they believed the testimony the defendant was guilty, that the defendant was guilty on his own testimony. Whether the defendant had reasonable ground to believe that the prosecutor was going to attack him, was a question of fact for the jury to consider, and not for the defendant or his Honor, who committed error in his instruction to the jury. The case should have been submitted to the consideration of the jury with appropriate instructions by the court. We express no opinion on the evidence. The rule governing the proper instructions is well laid down in *State* v. *Harris* 1 Jones, 190 and *State* v. *Dixon*, 75 N. C., 275. As the case must be tried again, we deem it unnecessary to repeat the reasoning in those cases.

New Trial.